UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**APR 1 2 2018**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Ernest Joyner, )
 )
      Petitioner, )
 )
v. ) Civil Action No. 18-298 (UNA)
 )
 )
United States of America, )
 )
      Respondent. )

## MEMORANDUM OPINION

Petitioner, proceeding *pro se*, has submitted an application to proceed *in forma pauperis* and a "Petition for Writ of Mandamus to Compel District of Columbia Court of Appeals to Rule on Petitioner's Motion Requesting Disclosure of Records/Information." The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Petitioner has invoked 28 U.S.C. § 1361, but "§ 1361 is only a source of jurisdiction for district courts to exercise writs of mandamus to employees of the *Executive* branch, *United States v. Choi*, 818 F. Supp. 2d 79, 84 (D.D.C. 2011) (emphasis in original), which the D.C. Court of Appeals is not. Apart from that, a district court may issue a writ of mandamus under the All Writs Act, but only when "necessary and appropriate in aid of [its] respective jurisdiction[.]" 28 U.S.C. § 1651. Federal district courts, such as this, are not reviewing courts, "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts." *Choi*, 818 F. Supp. 2d at 85 (citing *Lewis v. Green*, 629 F. Supp.

1

546, 553 (D.D.C.1986)). Accordingly, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: April  // , 2018                         _____
                                                United States District Judge